A.J. Kung, Esq.
Nevada Bar No. 7052
Brandy Brown, Esq.
Nevada Bar No. 9987
KUNG & ASSOCIATES
214 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 382-0883
(702) 382-2720 Fax
ajkung@ajkunglaw.com
bbrown@ajkunglaw.com

*[Reorganization Counsel for
Dhillon Properties, LLC]*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>    DHILLON PROPERTIES LLC<br>    d/b/a HOLIDAY INN EXPRESS.,<br><br>           Debtor. | Case No.  BK-09-54640<br>Chapter 11<br><br>Hearing Date: July 13, 2010<br>Hearing Time: 2:00 P.M. |

## FIRST INTERIM FEE APPLICATION OF KUNG & ASSOCIATES SEEKING COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

This first application for allowance of compensation (the "First Application") is filed by KUNG & ASSOCIATES ("K&A"), bankruptcy counsel for Dhillon Properties, LLC ("Debtor"). Pursuant to this First Application Period, K&A respectfully requests that the Court enter an order:

    a)    For the period from January 1, 2010 through May 14, 2010 ("Application Period"), allowing K&A professional compensation in the amount of $58,109.00 and reimbursement of actual and necessary expenses in the amount of $2,890.94.

. . .

1

b)     Authorizing the Debtor to pay to K&A all unpaid fees and expenses allowed by the

Court ;

c)     Determining that the total amount of professional fees charged by K&A to the

Debtors during the Application Period are reasonable within the meaning of 11

U.S.C. 330(a); and

d)     Determining that the total amount of reimbursable expenses incurred by K&A during

the First Application period are actual and necessary within the meaning of 11 U.S.C.

330(a).

This First Application is supported by the attached points and authorities and the exhibits to

the First Application which contain descriptions and analysis of the professional services rendered

and the expenses incurred by K&A.

DATED this 21st day of May, 2010.


KUNG & ASSOCIATES

By: _____

A.J. Kung, Esq.
Nevada Bar No. 7052
Brandy Brown, Esq.
Nevada Bar No. 9987
214 S. Maryland Parkway
Las Vegas, Nevada 89101
Phone: (702)382-0883
Fax:    (702)382-2720
     [Reorganization counsel for Debtor]

## KUNG & ASSOCIATES
### BILLING SUMMARY

| | |
|---|---|
| Fees Previously Requested | $ 0.00 |
| Fees Previously Awarded | $ 0.00 |
| | |
| Expenses Previously Requested | $ 0.00 |
| Expenses Previously Awarded | $ 0.00 |
| | |
| Retainer Paid | $ 15,000.00 |
| Drawn on Retainer | $ 14,490.00 |
| Remaining Retainer | $ 510.00 |
| | |
| Current Application Fees Requested | $ 58,109.00 |
| Current Application Expenses Requested | $ 2,890.94 |

**Professional Services**

| NAMES OF PROFESSIONALS & PARAPROFFESIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| Attorneys: | | | | |
| A.J. Kung, Esq. | 1999 | | | |
| Brandy Brown, Esq. | 2006 | 157.1 | $350.00 | $54,998.00 |
| | | | | |
| | | | | |
| Paraprofessionals: | | | | |
| Steven Ganim | N/A | 36.6 | $85.00 | $3,111.00 |
| | | | | |
| | | | | |
| TOTAL & BLENDED HOURLY RATE | | 217.80 | | $58,109.00 |

## EXPENSES

| Expense | Rate | Total |
|---|---|---|
| Filing Fee Expenses | | $1,069.00 |
| Travel Expenses | | $914.39 |
| FedEx Expenses | | $64.41 |
| Facsimile Expenses | | $379.50 |
| Photocopy Expenses | | $296.75 |
| Postage Expenses | | $131.89 |
| Service of Process | | $35.00 |
| Total | | $2,890.94 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**POINTS AND AUTHORITIES**

**I.    GENERAL BACKGROUND**

1.    On December 31, 2009 (the "Petition Date"), the Debtor filed its voluntary Chapter 11 petition, thereby commencing this chapter 11 case.

2.    Debtor continues to operate its business as Debtor-in-possession in accordance with Sections 1107 and 1108 of the United States Bankruptcy Code.

3.    This is the First Fee Application for Allowance of Interim compensation and Reimbursement of Expenses filed by K&A in the above-captioned case. K&A continues to hold in its trust account a retainer in the amount of $ 510.00.

4.    Pursuant to this First Application, K&A requests allowance of compensation of $58,109.00 and reimbursement of expenses $2,890.94 in connection with services provided during the Application Period.

5.    K&A's First Application is a "core proceeding" which the Court has jurisdiction to decide pursuant to 28 U.S.C. 157(a), (b), and 1334. The statutory authority for the relief requested by K&A is 11 U.S.C. 330. This First Application has been filed in accordance with Federal Bankruptcy Rule 2016 and the Guidelines of the Office of the United States Trustee for the District of Nevada.

**II.    TASKS PERFORMED BY K&A DURING THE APPLICATION PERIOD**

The Application period encompassed by this Application runs from January through May 14, 2010. During the Application Period, K&A provided a wide of services to the Debtor. The discussion below provides an overview of the services performed by task category. A detailed description of the work performed by K&A in each of the categories listed below is contained in

Exhibit "A" to this First Application.

### A.    First Day Motions

General Applications. After the filing of the petition, the Debtor presented to the Bankruptcy Court various motions designed to assist the Debtor in making a smooth transition into Chapter 11, which "first day motions" included:

1.    Employment of Professionals. The Debtor has submitted the following motions.

1.    Designation of Responsible Person;

2.    Application for Order Authorizing Employment of Kung & Associates;

3.    Emergency Motion for Order Authorizing Debtor and Debtor in Possession to Pay Prepetition Payroll Claims;

4.    Debtors Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code Authorizing Debtors Use of Cash Collateral; Granting Adequate Protection; and Scheduling a Hearing;

5.    Motion for Authorization to Pay Salaries to Keep Employees Pursuant to Section 1129 of the Bankruptcy Code;

6.    Motion for Order Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, Authorizing Payment of Prepetition Ordinary Course Claims of Utility Companies, and Deeming Utility Companies Adequate Assurance; and Establishing Procedures;

7.    Ex Parte Application for Order Shortening Time for Hearings on Debtor's First Day Motions;

8.    Supplement to Motion for Authorization to Pay Salaries to Key Employees;

9.      Application for Wells Fargo Bank, NA to Appear for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004;

10.     Opposition to Secured Creditors Motion for Relief from the Automatic Stay and for Confirmation That This is a Single Asset Real Estate Case.

11.     Motion for Contempt (not filed because Wells Fargo complied)

The Debtor has filed with the Court and served on the United States Trustee's Office all monthly operating reports. The Debtor is also current on its quarterly fee obligations to the United States Trustee's Office. Furthermore, Debtor attended the 2004 Examination conducted by Wells Fargo. Additionally, the Debtor believes that it is current on all such expenses other than post petition professional fees and cost that are subject to approval by this Court. Finally, Debtor has been able to obtain financing and has made two reasonable offers to Wells Fargo to remit fair market value of Six Million for the property.

**B.      General Case Administration**

K&A billed 8.5 hours ($2,209.00) for various general matters which otherwise did not fall into specific task categories below or overlapped a number of categories. The majority of the time was spent in conferences and telephone calls with representatives of the Debtor concerning the bankruptcy process and its status; verifying creditor information and updating the master mailing matrices; review and logging incoming documents; and coordinating with the client regarding various notices resulting from the bankruptcy filing. Finally, a significant amount of time was spent conferring with various creditors and former employees about the bankruptcy process and payment to creditors.

. . .

1

2

**C.      Initial Debtor Interview / 341(a) Creditors Meeting**

3

K&A billed 11.2 hours ($2,887.00) for preparing for and attending the initial debtor

4

interview and preparing for and attending the 341(a) meeting of creditors.

5

**D.      First Day Motions and Orders**

6

7

K&A billed 69.1 hours ($ 17,820.50) regarding various First Day Motions and Orders filed

8

by the Debtor on the Petition Date as more fully described above. Time included conferring with the

9

Office of the United States Trustee concerning the case, attending the first day hearings, and follow

10

up matters regarding these Motions including the preparation and filing of the applicable orders, as

11

well as noticing to appropriate parties.

12

**E.      Monthly Operating Report.**

13

14

K&A billed 8.3 hours ($ 2,260.00) for reviewing and filing monthly operating reports.

15

**F.      K&A Retention, Fee Applications, and Budget**

16

17

K&A billed 19.4 hours ($5,790.00) during the Application Period regarding various issues

18

concerning K&A's retention and employment by the Debtor. Included in this time were the

19

preparation of task categories for fee application purposes and the review of monthly billings to

20

comply with the Administrative Order.

21

**G.      Claims Administration and Other Litigation**

22

23

K&A billed 34.4 hours ($8,756.50) in this category. Time was spent in this category

24

evaluating various creditors' claims. Finally, this category includes miscellaneous time evaluating

25

various proofs of claim asserted against the estate conferring with various creditors over the status

26

of their claims.

27

28

. . .

**H.**    **Reorganization**

K&A billed 33.3 hours ($8,413.50) relating to Debtor's Reorganization, obtaining financing to remit payment to Wells Fargo and other creditors.

## III.    CONTENTS OF THE ATTACHED SUPPORTING EXHIBITS

Exhibit "A" Kung & Associates bills have been submitted for in camera review as they contain detailed attorney client privileged information. The bills identify and provide chronologically throughout the Application Period: (a) the dates on which K&A performed professional services for the Debtor; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of two-tenth [0.2] of an hour); and (d) specific daily descriptions of the services performed by each person.

To date, K&A has not been reimbursed for any of the expenses it has incurred and paid during the Application Period.

## IV.    STANDARDS RELEVANT TO INTERIM PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT.

The fees billed by K&A to the Debtor for professional services rendered during the Application Period total $58,109.00. The amount was calculated (as required by Bankruptcy Code Section 330) in accordance with the standards used to calculate what would be charged for comparable services in a non-bankruptcy situation.

The pertinent factors to be considered in establishing fees for legal services rendered are: (a) the time and labor required, the novelty and the difficulty of the questions involved, and the skill required to perform the legal services properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee customarily

charged for similar purposes; (d) the amount involved and the results obtained; (e) the time constraints required by the exigencies of the case, including the frequency and amount of time required to devoted other than in regular business hours; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, and ability of the lawyers performing the services; and (h) whether the fee is fixed or contingent. In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. Denied, 431 U.S. 904 (1977); American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2-106.

K&A submits that its requested professional compensation during the Application Period is fair and reasonable under the circumstances of this case and its representation of the Debtor therein.

K&A has also incurred and paid out-of-pocket expenses totaling $2,890.94 during the Application Period. The items for which expense reimbursement are being sought are not included in K&A's overhead, and are not, therefore, a part of the hourly rates charged by K&A.

Most of the photocopying charges have been incurred in reproducing: (a) petition, schedules and statements prepared and filed in this case; (b) pleadings prepared, filed and served in this case; and (c) research materials. In each of the above-referenced instances (and other similar situations), copies were needed promptly at the time, and /or it was not otherwise feasible for K&A to make other photocopying arrangements. K&A charges $0.25 per page for photocopying.

K&A submits that the expenses which it has incurred and paid in rendering legal services to the Debtor during the Application Period are reasonable and necessary under the circumstances of this case and that the reimbursement to K&A for such expense is appropriate and should be allowed.

. . .

. . .

. . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.    COMPLIANCE WITH SECTION 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

K&A has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which K&A is seeking compensation and reimbursement as set forth in this First Application, except as permitted by Bankruptcy Code section 504(b)(1).

## VI.    CONCLUSION

WHEREFORE, K&A respectfully requests that the Court enter an order:

1.    For the Period from January 1, 2010 through May 14, 2010, allowing K&A professional compensation in the amount of $58,109.00, and reimbursement of actual and necessary expenses in the amount of $2,890.94, for a total of $60,999.94.

2.    Determining that the total amount of professional fees charged by K&A to the Debtor during their Chapter 11 case is reasonable within the meaning of 11 U.S.C. 330(a); and determining that the total amount of reimbursable expenses incurred by K&A during the Chapter 11 case are actual and necessary within the meaning of 11 U.S.C. 330(a);

. . .

. . .

. . .

. . .

. . .

. . .

3.  Authorizing the Debtor to pay to K&A all unpaid fees and expenses as allowed by the Court, and

4.  Granting such other and further relief as the Court deems just and appropriate.

DATED this 21st day of May, 2010

KUNG & ASSOCIATES

By: /s/ Brandy Brown

A.J. Kung, Esq.
Nevada Bar No. 7052
Brandy Brown, Esq.
Nevada Bar No. 9987
214 S. Maryland Parkway
Las Vegas, Nevada 89101
Phone: (702) 382-0883
Fax:    (702) 382-2720
[Reorganization counsel for Debtor]